VIVIAN MARCELLO, APPELLANT, v. BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 21, 1966—Decided February 28, 1966.

Before Judges GOLDMANN, FOLEY and COLLESTER.

*Mr. Irving Leuchter* argued the cause for appellant (*Messrs. Kapelsohn, Lerner, Leuchter & Reitman,* attorneys).

*Mr. Edward A. Kaplan* argued the cause for respondent.

PER CURIAM. The Board of Review held appellant's claim for benefits invalid because she did not have 17 weeks of employment with a covered employer in her base year. *N. J. S. A.* 43:21–4(c), 43:21–41(b). She had begun work with Pride Fashions, which the Board considered a partnership and held not to be a covered employer. She then continued without break in the employ of Pride Fashions, Ltd.—deemed a *de facto* corporation and a covered employer by the Board —but not for a full 17 weeks before she became disabled and had to leave her job.

There is little more than the "Status Report of Employing Unit," filed with the Division of Employment Security, to show that Pride Fashions was a partnership. There was no partnership agreement or formal dissolution. There was no evidence of intent on the part of the alleged partners to form and conduct a partnership enterprise, or of their ownership and control of the property and business, or of their holding themselves out to third parties as a partnership. They played no part whatever in the administration or running of the business. There were no partnership records. See *Fenwick v. Unemployment Compensation Comm'n,* 133 *N. J. L.* 295 (*E. & A.* 1945), reversing 132 *N. J. L.* 185 (*Sup. Ct.* 1944). It was Louis Feingold who ran the business, and he continued to do so on and after March 16, 1964, when the so-called *de facto* corporation took over the premises and work in progress, without opening new books (or any books) of account and without notice to the landlord, trade association or union of the alleged change in identity. Incidentally, the Pride Fashions, Ltd. certificate of incorporation was not drawn up until June 5, 1964; it was filed with the Secretary of State on June 26, 1964.

But we need not determine whether Pride Fashions was in law or in fact a partnership, or whether Pride Fashions, Ltd. had a *de facto* or a *de jure* existence during the period of claimant's employment. We hold that Pride Fashions, Ltd. was a successor to Pride Fashions, without any interruption in operations, and that claimant's employment was a single one under *N. J. S. A.* 43:21–19(g), (h)(1) and (h)(3). To hold otherwise would be to disregard the obvious factual pattern of this case and to defeat the clearly stated policy of our social security laws, *R. S.* 43:21–1 *et seq.* (as amended), to ameliorate the impact of involuntary unemployment. *R. S.* 43:21–2.

Reversed.